COLUMBUS BAR ASSOCIATION *v.* SHAY.

[Cite as *Columbus Bar Assn. v. Shay,*
105 Ohio St.3d 437, 2005-Ohio-2590.]

(No. 2004–2076—Submitted February 2, 2005—Decided June 8, 2005.)

---

**Per Curiam.**

{¶ 1} Respondent, William Michael Shay, of Columbus, Ohio, Attorney Registration No. 0002823, was admitted to the practice of law in Ohio in 1975. On December 5, 2003, we suspended respondent for failure to comply with the continuing legal education ("CLE") requirements for the 2001–2002 reporting period and for his ongoing failure to comply with Gov.Bar R. X. *In re Report of the Comm. on Continuing Legal Edn.*, 100 Ohio St.3d 1516, 2003-Ohio-6494, 800 N.E.2d 34.

{¶ 2} On April 19, 2004, relator, Columbus Bar Association, charged respondent with two counts of professional misconduct. A panel of the Board of Commissioners on Grievances and Discipline considered the cause on the parties' consent-to-discipline agreement, see Section 11 of the Rules and Regulations Governing Procedure on Complaints and Hearings Before the Board of Commissioners on Grievances and Discipline ("BCGD Proc.Reg."), and made findings of misconduct and a recommendation, which the board adopted.

## Misconduct

### Count 1—The Hensley Estate

{¶ 3} Consistent with the parties' agreement, the board found that in July 2001, Vernon Hensley paid respondent $250 for court costs and $100 in fees to administer his deceased brother's estate. Over the following 18 months, respondent failed to file required estate documents or to respond to Hensley's inquiries about the estate. Respondent also failed to take appropriate steps to oversee the transfer of the decedent's house and did not see to disconnection of the utilities. As a result, the estate accrued an $1,100 water bill, and the property was nearly lost in a foreclosure sale.

{¶ 4} While the brother's estate was still pending, Hensley died, and his sister, Margaret Fannin, took charge. Fannin promptly retained another attorney, who stopped the foreclosure proceedings and negotiated for a discount of the water bill. The new attorney was able to sell the property, but because it had become so dilapidated, the sale price was low—only $9,000. The beneficiaries of the Hensley estate suffered unnecessary inconvenience and financial loss because of respondent's neglect.

### Count II—The Hastie Estate

{¶ 5} The board found also, as stipulated, that Eileen Cowell retained respondent to administer the estate of her deceased mother. Respondent agreed to represent Cowell and, on April 4, 2000, filed the Hastie estate in the Franklin County Probate Court. Over the next few years, the probate court cited respondent for failing to file various estate papers, including accountings and a status letter. And in 2001, despite the resolution of all contested matters, respondent failed to promptly close the estate at the urging of Cowell and her

relatives. Respondent did not close the estate until July 2003, causing his client unnecessary anguish.

{¶ 6} In both counts, respondent admitted and the board found violations of DR 6–101(A)(3) (prohibiting an attorney's neglect of an entrusted legal matter), 7–101(A)(1) (requiring an attorney to seek the client's lawful objective through reasonable and lawful means), 7–101(A)(2) (requiring an attorney to carry out a contract of professional employment), and 7–101(A)(3) (barring an attorney from prejudicing or damaging a client during their professional relationship).

## Sanction

{¶ 7} In recommending a sanction for this misconduct, the board considered the aggravating and mitigating circumstances to which the parties had also stipulated. See BCGD Proc.Reg. 10. Mitigating factors included the fact that respondent had not acted dishonestly or out of self-interest, was fully cooperative in the disciplinary process, and had, prior to the underlying events, a good reputation in the legal community. BCGD Proc.Reg. 10(B)(2)(b), (d), and (e). He also agreed to repay the $350 he received for administering the estate involved in Count One. In aggravation, the board found that respondent had been sanctioned for noncompliance with CLE requirements and had neglected more than one case. BCGD Proc.Reg. 10(B)(1)(a) and (d).

{¶ 8} The parties jointly suggested that respondent receive a public reprimand for his misconduct and be ordered to repay the $350 he received in the Hensley matter and all costs assessed against him in this matter. The board recommended this sanction.

{¶ 9} Upon review, we agree with the board's finding that respondent violated DR 6–101(A)(3) and 7–101(A)(1), (2), and (3). We also find that a public reprimand is the appropriate sanction for respondent's misconduct. Respondent is hereby publicly reprimanded for having violated the Code of Professional Responsibility. Respondent is ordered to refund the $350 he received for the Hensley estate. Costs are taxed to the respondent.

Judgment accordingly.

RESNICK, PFEIFER, LUNDBERG STRATTON and O'DONNELL, JJ., concur.

MOYER, C.J., O'CONNOR and LANZINGER, JJ., dissent.

---

**MOYER, C.J., dissenting.**

{¶ 10} I respectfully dissent from the sanction imposed on respondent by the majority because I believe that the facts and circumstances of this case warrant the imposition of an actual suspension.

{¶ 11} Respondent's neglect of the administration of two estates had adverse consequences for his clients and others. His mishandling of the Hensley estate resulted in the accrual of a $1,100 water bill as a debt of the estate, a reduction in the value of the assets of the estate, and unnecessary inconvenience to the beneficiaries of the estate. Respondent's failure to expeditiously administer the Hastie estate caused the family members of the decedent additional emotional distress.

{¶ 12} Moreover, this is not respondent's first disciplinary infraction. He was previously suspended for failure to comply with CLE requirements.

{¶ 13} For the foregoing reasons, I would impose a six-month suspension on respondent and order him to refund the $350 paid to him in the Hensley matter and to pay all costs assessed against him in this matter.

O'CONNOR and LANZINGER, JJ., concur in the foregoing dissenting opinion.

_____

Adam R. Rinehart, Bruce A. Campbell, and Jill M. Snitcher McQuain, for relator.

William Michael Shay, pro se.