Fischer, J., concurring in part and dissenting in part.
*55 {¶ 21} I join the court's decision to publicly reprimand respondent, but I respectfully dissent in part. In most similar situations, I would agree that a public *927 reprimand alone would be the correct sanction. However, because a significant portion of respondent's misconduct was premised upon his lack of familiarity with corporate law, I believe that a public reprimand, without more, is not sufficient. Given the continued relevance of corporate law to respondent's practice area and the fact that competent attorneys should possess a general knowledge of corporate law, I would order that respondent complete continuing legal education ("CLE") in the subjects of basic corporation law and ethical duties to corporate constituent groups.
{¶ 22} In Ohio, the law of business associations, and specifically corporations, is a subject tested on the state's bar examination, both in the bar examination's current format and in its upcoming Uniform Bar Examination format. See Outline of Subjects Tested On Essay Portion of Ohio Bar Examination (2002), http://www.supremecourt.ohio.gov/AttySvcs/admissions/PDF/essay_subjects.pdf (accessed Dec. 17, 2018); Understanding the Uniform Bar Examination (2017), http://www.ncbex.org/pdfviewer/?file=%2Fdmsdocument%2F209 (accessed Dec. 17, 2018). The law of business associations and corporations is not an unusual or overly specialized area of the law, and by placing that subject on the bar exam, this court has directed that all attorneys licensed in the state should have a basic understanding of that area.
{¶ 23} In this case, respondent admitted that he knew nothing about corporate law and was not competent to practice in the area. Although respondent claims that he will not practice corporate law in the future, his abject lack of understanding of the basic legal and statutory requirements regarding corporations clearly could have a direct and important impact on those who may hire him in the future to do intellectual-property work. Not just individuals, but corporations, limited-liability companies, partnerships, and other business associations own intellectual-property rights. Thus, respondent may need competency in this area either to give appropriate advice and counsel to his intellectual-property clients or to advise an intellectual-property client to seek additional advice from an attorney well-versed in corporate law. I accordingly believe that the sanction of public reprimand is insufficient, standing alone, to both protect the public and ensure that respondent is competent to practice law in Ohio.
*56 {¶ 24} On certain occasions when the court has publicly reprimanded attorneys, the court has also ordered those attorneys to fulfill particular requirements. Mahoning Cty. Bar Assn. v. Gilmartin , 62 Ohio St.3d 10, 577 N.E.2d 350 (1991) (publicly reprimanding an attorney and ordering that attorney to make full restitution within 60 days of the order); Columbus Bar Assn. v. Shay , 105 Ohio St.3d 437, 2005-Ohio-2590, 828 N.E.2d 105 (publicly reprimanding an attorney and ordering the attorney to refund the affected client's fee). This case is another instance in which this court should order an attorney to fulfill an additional requirement.
{¶ 25} Given the specific nature of respondent's misconduct in this case, I would publicly reprimand him and also order that within six months of this decision, he attend a minimum of eight hours of CLE on the subjects of basic corporation law and ethical duties to corporate constituent groups. I accordingly concur in part and dissent in part.
O'Connor, C.J., and DeGenaro, J., concur in the foregoing opinion.